# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JESSICA SHINGLETON,<br><br>Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and RECON TRUST COMPANY, N.A.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-571-DB-SA<br><br>District Judge Dee Benson<br><br>Magistrate Judge Samuel Alba |

Before the Court is a motion to remand (Doc. 9), filed by Plaintiff Jessica Shingleton, and a motion to dismiss and release *lis pendens* (Doc. 7), filed by Defendants BAC Home Loans Servicing, L.P. ("BAC"), formerly known as Countrywide Home Loans Servicing, L.P., and ReconTrust Company, N.A. ("Recon") (collectively "Defendants"). Having reviewed the pleadings and record, and having held a hearing on these motions, the court recommends that Plaintiff's motion to remand be denied and Defendants' motion to dismiss and release *lis pendens* be granted.

## BACKGROUND

In 2006, Plaintiff purchased property located at 569 South 120 West in Ivins, Utah ("the Property") with a loan she obtained from Security National Mortgage Company. (Doc. 2-2, at 30 (Complaint, Ex. A).) Later, Plaintiff refinanced her loan ("the Loan") through Bank of America,

N.A. ("BANA"). (Doc. 2-2, at 81-98 (Complaint, Ex. F).) Plaintiff executed the refinanced deed of trust on August 19, 2009. (*Id.* at 95.)

At a certain point, Plaintiff did not pay her mortgage. Defendant Recon issued a Notice of Default on July 21, 2010, that was not signed and that referenced Plaintiff's original mortgage instead of her refinanced mortgage. (Doc. 2-2, at 119-21 (Complaint, Ex. K).) That same day, BANA corrected the error by issuing a Substitution of Trustee that referenced Plaintiff's refinanced mortgage and stated that Recon "is hereby appointed successor Trustee" as successor trustee to Stuart T. Matheson, the trustee under the refinanced deed of trust. (Doc. 2-2, at 131 (Complaint, Ex. N).) According to Defendants, both documents were recorded on July 25, 2010. (Doc. 6, at 3.)

According to Defendants, Recon also noticed the error made with the Notice of Default and issued a Cancellation of Default. The cancellation was recorded on August 3, 2010. (Doc. 2-2, at 123-24 (Doc. 2-2, at 123-24 (Complaint, Ex. L).) Recon then issued a new Notice of Default on August 6, 2010, and recorded it on August 9, 2010. (Doc. 2-2, at 126-28 (Complaint, Ex. M).) Defendants have represented to the court that no further foreclosure action has been taken to date. (Doc. 6, at 3.)

Plaintiff then filed this action in the Fifth District, Utah State Court, on April 29, 2011. (Doc. 2-2, at 3-27.) Defendants removed the case to this court on June 22, 2011, and the case was assigned to United States District Judge Dee Benson. (Docs. 1, 2.) On July 1, 2011, Defendants filed their motion to dismiss. (Doc. 7). On July 21, 2011, Plaintiff filed her motion

to remand. (Doc. 9.) Defendants filed an opposition to the motion to remand on August 1, 2011. (Doc. 12.) To date, Plaintiff has not filed a response to Defendants' motion to dismiss.

On August 24, 2011, Judge Benson referred this case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 13.) On October 5, 2011, the court sent out a notice of hearing on the motion to remand and motion to dismiss. (Doc. 14.) On October 26, 2011, as scheduled, the court held a hearing on the two motions. Neither party appeared at 11:30, the scheduled time for the hearing; however, several minutes later, counsel appeared for Defendants. Plaintiff did not appear, but an assistant to attorney Joann Secrist appeared several minutes after 11:30 and stated on the record that Ms. Secrist had just been retained that morning to represent Plaintiff, that Ms. Secrist could not attend the hearing, and that she would file a notice of appearance immediately. (Doc. 15.) To date, Ms. Secrist has not filed a notice of appearance in this case.

## **ANALYSIS**

Because Plaintiff is proceeding pro se, the court construes her pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff brought this action to stop the foreclosure on her property, despite her admitted default, because she believes title to the property "belongs to" her "[u]ntil the true owner 'real party of interest' can be found." Plaintiff essentially contends that no one, not BAC, Recon, or Mortgage Electronic Registration Systems, Inc. ("MERS") has the right to foreclose on her because her loan was sold to investors, which separated the trust deed from the note.

The court first addresses Plaintiff's motion to remand, and then addresses Defendants' motion to dismiss.

## A. Plaintiff's Motion to Remand

Plaintiff argues that this case should be remanded to state court because this court lacks jurisdiction. The court concludes this argument lacks merit because the court has diversity jurisdiction.

Under Section 1332 of the United States Code, this court has diversity jurisdiction over a civil matter where the controversy is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subject of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Both requirements of diversity jurisdiction are met in this case. First, there is diversity among the parties. Plaintiff is a citizen of Utah. (Doc. 2-2, at 5.) Defendants have represented to the court that BAC is a Texas limited partnership (Doc. 12, at 2), and that as of July 1, 2011, BAC is wholly owned by BANA, which is a national bank with its headquarters in North Carolina (*id.*). Defendants have also represented to the court that Recon is a national bank with its primary offices in California. (Doc. 12, at 2.) National banks are citizens of the state in

which their main office is located. See *Wachovia Bank, N.A., v. Schmitt*, 546 U.S. 303 (2006). Thus, there is complete diversity among the parties.[1]

Second, the value of the matter in controversy exceeds $75,000. In the Tenth Circuit, in cases seeking declaratory and injunctive relief, "'the amount in controversy is measured by the value of the object of the litigation.'" *Lovell v. State Farm Mutual Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (citation omitted). Through this lawsuit, Plaintiff seeks to quiet title to property, and, according to both the trust deed and the county tax assessor's assessment, that property is valued in excess of $75,000. The deed of trust was given as security for a loan of $265,600.00. (Doc. 2-2, at 31.) The Washington County tax assessor values the property at $208,200.00. (Doc. 12, Ex. 1, Washington County Assessor Record Search.) Thus, the amount in controversy exceeds $75,000.

Therefore, because there is diversity among the parties and the amount in controversy exceeds $75,000, both requirements of diversity jurisdiction are met in this case. Pursuant to 28 U.S.C. § 1332 the court has diversity jurisdiction.

In support of her motion to remand, Plaintiff makes several other arguments that lack merit. For example, Plaintiff argues this case should be remanded because there is no federal question jurisdiction; this argument is irrelevant because the court has diversity jurisdiction. Second, Plaintiff asserts the Defendants are not the "real party in interest," an assertion the

---

[1] Even were the court to consider the parties' citizenship at the time the case was filed, the parties would still be diverse because, according to Defendants, BAC's partners were BANA LP, LLC and BAC GP, LLC, and that both were citizens of Nevada and were wholly owned by BANA. (Doc. 12, at 3 n.1.)

Defendants adamantly deny, resulting in a legitimate controversy regarding property valued over $75,000. Third, Plaintiff argues the removal was procedurally defective because all defendants did not join in the removal; however, BANA and Recon filed the notice of removal jointly. (Doc. 2, at 1.) Fourth, Plaintiff demands to see the fee agreement between Defendants and their counsel to show that their counsel had authority to file the notice of removal on behalf of all Defendants; however, this court's rules do not require an attorney to prove his authority to act on a client's behalf. See D.U.Civ.R. 81-1.3(a) & (d).

Therefore, because this court has jurisdiction, and because Plaintiff has not shown the case was not properly removed under 28 U.S.C. § 1441(a), the court recommends that Plaintiff's motion to remand be denied.

## B. Defendants' Motion to Dismiss

The court next turns to Defendants' motion to dismiss. Defendants' motion seeks dismissal of Plaintiff's complaint under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Board of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts accept the truth of all alleged facts in the complaint, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (citation omitted); *see also Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006); *Coburn v. Nordeen*, 72 Fed. App'x 744, 746 (10th Cir. 2003). Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949. Thus, "naked assertions devoid of further factual enhancement" do not sufficiently state a claim. *Id.* (internal quotation omitted). In addition, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's complaint brings the following causes of action: (1) quiet title against both defendants, (2) slander of title against both defendants, (3) declaratory judgment against both defendants, and (4) breach of trustee's duty of good faith and fair dealing against Defendant BAC. The court examines each of these four causes of action.

### 1. Quiet Title

First, Plaintiff seeks quiet title against both defendants. Plaintiff does not dispute that she still owes an obligation under the loan (Doc. 2-2, at 16, ¶ 43 (stating "Plaintiff has never claimed she does not owe an obligation")); instead, Plaintiff claims title "belongs to" her "[u]ntil the true owner 'real party of interest' can be found" (*id.* at 16, ¶ 44). It appears that Plaintiff also claims

7

that she should be entitled to quiet title because there was no valid assignment of the trust deed and because the trustee was split from the note. (*Id.*, at 16 & 17, ¶¶ 40, 46, 48.)

A quiet title action "is a suit brought 'to quiet an existing title against an adverse or hostile claim of another,' and 'the effect of a decree quieting title is not to vest title but rather is to perfect an existing title as against other claimants." *In re Hoopiiaina Trust*, 144 P.3d 1129, 1137 (Utah 2006) (citation and emphasis omitted). "'To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not the weakness of a defendant's title or even its total lack of title.'" *Collard v. Nagle Constr.*, 57 P.3d 603, 607 (Utah Ct. App. 2002) (citation omitted); *see also Marty v. Mortg. Elec. Registration Sys.*, Case No. 1:10-cv-33-CW, at 15 (D. Utah Oct. 19, 2010) (citing *Collard*) (slip copy). Plaintiff admits she still has an obligation under the Loan, thus conceding that her title is not superior but clouded. Moreover, she also concedes that notices of default were issued thereon. (Doc. 2-2, at 12 & 14, ¶¶ 30, 35.) To the extent Plaintiff is in default under the Loan, it clouds any title she may have in the Property, as recognized in *Marty*.[2]

The court also rejects Plaintiff's apparent theory that a split of the note and the trust deed has occurred, entitling her to quiet title. That theory repeatedly has been rejected in this district. *See, e.g., Saccio v. Bank of Am.*, Case No. 2:11-cv-511-TS (D. Utah Aug. 29, 2011) (slip op.);

---

[2]The court has construed Plaintiff's complaint very liberally, as required, but finds that Plaintiff's complaint is difficult to understand in several places. To the extent that Plaintiff's quiet title claim is also premised on the allegation that MERS is not a proper beneficiary under the deed of trust, her argument must fail. MERS was not a party to her refinanced deed of trust, under which she defaulted. (Doc. 2-2, at 81-98 (Complaint, Ex. F).)

*Knudsen v. Countrywide Home Loans, Inc.*, Case No. 2:11-cv-429-TS, 2011 WL 3236000 (D. Utah July 26, 2011); *Christensen v. D Land Title*, No. 2:11-cv-205-DS, 2011 WL 2312560, at *2 (D. Utah June 8, 2011); *Webb v. Stearns Lending, Inc.*, No. 2:11-cv-159-TS, 2011 WL 2014886, at *1 (D. Utah May 23, 2011); *Witt v. CIT Group/Consumer Fin. Inc.*, No. 2:10-cv-440-TS, 2010 WL 4609368, at *4 (D. Utah Nov. 5, 2010); *Marty,* 1:10-cv-33-CW, 2010 WL 4117196, at *6; *King v. Am. Mortgage Network, Inc.*, No. 1:09-cv-162-DAK, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010); *Rodeback v. Utah Fin.*, No. 1:09-cv-134-TC, 2010 WL 2757243, at *4 (D. Utah July 13, 2010); *Burnett v. Mortgage Elec. Registration Sys., Inc.*, No. 1:09-cv-69-DAK, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009).  The court has examined these cases and concludes that there is no reason to depart from th prior holdings.  Plaintiff's theory fails as a matter of law.

Because Plaintiff's quiet title claim lacks any legitimate basis, the court recommends that Defendants' motion to dismiss be granted as to that claim.

### 2.  Slander of Title

Plaintiff also brings a slander of title claim against Defendants.  "'Slander of title is effected by one who without privilege publishes untrue and disparaging statements with respect to the property of another under such circumstances as would lead a reasonable person to foresee that a prospective purchaser or lessee thereof might abandon his intentions.'"  *Olsen v. Kidman*, 120 Utah 443, 448 (1951) (citation omitted).

In this case, Plaintiff explicitly does not deny that she owes an obligation under the Loan, but argues "[i]t is not against Utah Code to be in default on a mortgage."  (Doc. 2-2, at 14 & 16, ¶¶ 34, 43.)  It is undisputed that Plaintiff has defaulted on her Loan.  Consequently, Plaintiff has

9

failed to provide factual support for any assertion that the published statement regarding her default under the Loan was "untrue"; thus, Plaintiff fails to set forth facts adequate to support that BAC (or Recon) published untrue statements when they initiated foreclosure and issued and recorded a substitution of trustee. (Doc. 2-2, at 127-28 (Complaint, Ex. M); *id.* at 131-32 (Complaint, Ex. N).) Under very similar facts, other judges in this district have held in past cases that a slander of title action fails. *See, e.g. Fowler v. Recontrust Co., N.A.*, No. 2:10-cv-1143-DS, 2011 WL 839863, at *2 (D. Utah Mar. 10, 2011) (slip copy); *Burnett*, Case No. 1:09-cv-69-DAK, 2009 WL 3582294, at *6. As a result, the court recommends that Defendants' motion to dismiss also be granted as to Plaintiff's slander of title claim.

### 3. Declaratory Judgment

Third, Plaintiff seeks a declaratory order that neither BAC nor Recon have "no non-judicially enforceable interest in the Trust Deed and therefore lack authority or standing to foreclose or assign Plaintiff's property." (Doc. 2-2, at 25, ¶ 82.) This claim is based on Plaintiff's theory that a foreclosing party must have actual possession of the note in order to properly foreclose, and that because Defendants do not have actual possession of the note, they do not have authority or standing to "foreclose or assign Plaintiff's property." (*Id.* at 24, ¶¶ 74-76.)

This court should not issue the sought declaratory order because to do so would be to grant Plaintiff rights to which she is not legally entitled. *See Western Casualty & Surety Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968) (explaining that the Declaratory Judgment Act "does not create any new substantive right but rather creates a procedure for adjudicating existing

rights"). Utah law does not require the actual note to foreclose, so a declaration setting forth who has possession of the note would not impact the foreclosure proceeding. Further, Plaintiff has neither challenged the foreclosure of the Property on any legitimate basis nor shown that any independent substantive rights have been violated.

As set forth above, judges in this district have uniformly rejected Plaintiff's argument when made in different but significantly similar cases. *See also Burton v. JP Morgan Chase Bank, N.A.*, Case No. 2:10-cv-674-DS, 2011 WL 1233239, *4-5 (D. Utah March 31, 2011); *Wade v. Meridias Capital, Inc.*, Case No. 2:10-cv-998-DS, 2011 WL 997161, *2-3 (D. Utah March 17, 2011). Plaintiff's argument should be rejected in this instance, as well, as it lacks any legal merit. The court recommends that Defendants' motion to dismiss be granted as to Plaintiff's claim for declaratory judgment.

### 4. Breach of Trustee's Duty of Good Faith and Fair Dealing

Plaintiff alleges under her claim of breach of trustee's duty of good faith and fair dealing, brought only against Defendant BAC, that "ReconTrust is not a qualified trustee under [the] Utah Code . . . and has no power of sale and in accordance only the beneficiary can appoint a qualified successor trustee . . . ." (Doc. 2-2, at 26, ¶ 84.) Plaintiff's claim fails for several reasons.

First, Plaintiff's claim fails because she has not met her burden of successfully showing that Recon is not a qualified trustee under the Utah Code; Plaintiff merely makes the unsupported assertion that Recon is not a qualified trustee. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570. Second, Plaintiff brought this claim against BAC, but does not

even mention BAC in setting forth this claim; instead, Plaintiff only mentions Recon, thus again failing to meet her burden to set forth the claim against Recon. *See id.*

In addition, to successfully bring this claim, Plaintiff must show a contractual relationship exists between herself and Defendants. *See Brown v. Moore,* 973 P.2d 950, 954 (Utah 1998). Plaintiff has failed to allege facts showing that a contractual relationship exists between herself and Defendants, and Defendants argue that no such contractual relationship exists.[3] *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.

As a result, the court recommends that Defendants' motion to dismiss be granted as to Plaintiff's breach of the duty of good faith and fair dealing claim.

### C. *Lis Pendens*

Finally, the court addresses Defendants' request that the court order the notice of pendency of action ("*lis pendens*") released from the public record. According to Defendants, Plaintiff filed a *lis pendens* on February 18, 2011, in state court. (Doc. 6, at 9.) The *lis pendens* then was recorded in Washington County, Utah as instrument number 20110005407. (*Id.*)

In order to maintain a *lis pendens*, Plaintiff must prove the existence of a real property claim based on the allegations in the complaint. *See* Utah Code Ann. § 78B-6-1304. Section 78B-6-1304(2)(b) provides that the court shall release the notice if "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice."

---

[3]The court notes that as a named trustee, Recon's obligations to borrowers are set forth by statute. *See* Utah Code Ann. § 57-1-21.

As discussed in detail above, Plaintiff has not established the existence of a valid real property claim, as required by Section 78B-6-1304; instead, the court has concluded that Plaintiff's entire complaint should be dismissed for failure to state a claim. Consequently, Plaintiff has no basis for a *lis pendens* and the court recommends that, pursuant to Section 78B-6-1304(2)(b), any *lis pendens* that has been filed in connection with this action shall be released.

### RECOMMENDATION

Based on the above analysis, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (Doc. 9) be **DENIED** and Defendants' motion to dismiss and release *lis pendens* (Doc. 7) be **GRANTED**.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 3rd day of November, 2011.

BY THE COURT:

SAMUEL ALBA
United States Magistrate Judge